UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN GONGLIEWSKI,<br><br>                Petitioner<br><br>   v.<br><br>COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>                Respondents. | CIVIL ACTION NO. 3:24-CV-01801<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Pending before the Court is Petitioner Ryan Gongliewski's ("Gongliewski") Petition for a Writ of Habeas Corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On October 21, 2024, while Gongliewski was incarcerated at the State Correctional Institution Mahanoy ("SCI-Mahanoy"), the Court received and docketed a Petition for a Writ of Habeas Corpus. (Doc. 1).[1] Gongliewski also filed two motions to proceed *in forma pauperis*. (Doc. 5; Doc. 7). On November 6, 2024, the Court entered an order informing Gongliewski of limitations on the right to file multiple habeas petitions and granting him an opportunity to withdraw his Petition by filing a Notice of Election with the Court. (Doc. 4). Gongliewski did not return a completed Notice of Election.

On November 29, 2024, the an envelope with the Notice of Election was returned as unable to deliver with a note that Gongliewski was no longer an inmate. (Doc. 10). The Court

---

[1] The Petition is dated October 9, 2024. (Doc 1).

reviewed the Pennsylvania Department of Corrections ("DOC") Inmate Locator, which revealed that Gongliewski is no longer in DOC custody. The DOC inmate locator is available at the following website: https://inmatelocator.cor.pa.gov/#/. Thus, on December11, 2024, the Court issued an order directing Gongliewski to show cause why his petition should not be dismissed as moot. (Doc. 11). Gongliewski has been released from custody and has updated his address multiple times. (Doc. 9; Doc. 12; Doc. 14). Most recently, the Court resent the Order to Show Cause to Gongliewski's address in Hazleton, Pennsylvania. (Doc. 15). Despite resending documents to Gongliewski at his updated addresses, the Court has not received any response to the pending Order to Show Cause.

## II.  DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Abreu*, 971 F.3d at 406 (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Abreu*, 971 F.3d at 406 (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or

collateral consequences of his conviction," *Abreu*, 971 F.3d at 406 (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *Burkey*, 556 F.3d at 148 (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant Petition is generally moot, as Gongliewski appears to have been released from state custody, he may still obtain judicial review of his sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence.[2] *See Abreu*, 971 F.3d at 406. Here, the period of time granted for Gongliewski to demonstrate that he continues to suffer from secondary or

---

[2] The Court notes that Gongliewski's Petition includes claims of constitutional violations on the part of the DOC that are related to retaliation for filing grievances and not sticktly the challenging the consequences of his sentence. (Doc. 1). Plaintiff may raise such constitutional challenges pursuant to 42 U.S.C. § 1983, and not through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

3

collateral consequences of his sentence has passed, and he has failed to respond. As a result, his petition will be dismissed as moot and all pending motions will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2254 petition will be dismissed without prejudice as moot. An appropriate order follows.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

4